UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KATHRYN MATRANGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1350 |
| | ) |
| CATHOLIC CHARITIES OF THE | ) |
| DIOCESE OF PEORIA, a not for | ) |
| profit corporation, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant, CATHOLIC CHARITIES OF THE DIOCESE OF PEORIA, a not for profit corporation ("Catholic Charities"), by Howard & Howard Attorneys, P.C., for its Answer to the Complaint filed by Plaintiff, KATHRYN MATRANGA ("Plaintiff") states as follows:

### JURISDICTIONAL STATEMENT

1.      That this court has jurisdiction of this case pursuant to 29 USC § 621, et seq., as authorized by 28 USC § 1331 and 1334(4).

**ANSWER:   Catholic Charities admits that the Court has jurisdiction over this matter pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and 29 U.S.C. § 1331.  Catholic Charities denies that 28 U.S.C. § 1334(4) has any relevance to this matter or affords the Court jurisdiction over this matter.**

2.      That this action properly lies in this district pursuant to 28 USC § 1391(b)(2) because the claim arose in this judicial circuit.

#337481-v1

**ANSWER:   Catholic Charities admits that venue is proper in this district and denies any remaining allegation in Paragraph 2.**

3.    That the Plaintiff Kathryn Matranga is a white female individual who presently resides at 323 W. Glen Avenue, Peoria, Illinois 61614 whose date of birth December 27, 1943.

**ANSWER:   Catholic Charities admits the allegations in Paragraph 3.**

4.    That the Defendant Catholic Charities is a not for profit corporation with its office and principal place of business in Peoria, Illinois with a local address of 2900 W. Heading Avenue, West Peoria, Illinois 61604 which at all times herein relevant was an "employer" engaged in commerce within the meaning of the ADEA.

**ANSWER:   Catholic Charities admits the allegations in Paragraph 4.**

5.    That the Plaintiff Kathryn Matranga has exhausted her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about July 3, 2007, a copy of said charge being attached hereto and made a part hereof as Plaintiff's Group Exhibit #1 and having received a notice of right to sue from the EEOC under date of December 5, 2007 a true and correct copy of which is attached hereto and made a part hereof Plaintiff's Group Exhibit #2.

**ANSWER:   Catholic Charities admits that Group Exhibit 1 to Plaintiff's Complaint contains an accurate reproduction of Plaintiff's Charge of Discrimination. Catholic Charities further admits that two of the exhibits attached to Plaintiff's Charge of Discrimination are accurate reproductions of the documents initially attached to the Charge (the November 2, 2006 correspondence from Rosemary Haynes to Plaintiff and the Notice of Eligibility and Election Form for Continuation of Group Health Benefits). Catholic Charities denies that the third document attached to the Complaint is a true and**

accurate copy of the Exit Interview/Survey Form completed by Plaintiff at or near the end of her employment with Catholic Charities.  Catholic Charities admits that Group Exhibit 2 to Plaintiff's Complaint is a true and accurate copy of the Notice of Right to Sue issued by the Equal Employment Opportunity Commission upon Plaintiff's request.   Catholic Charities admits that Plaintiff exhausted her administrative remedies and it denies any remaining allegations in Paragraph 5.

### COUNT I (ADEA)

6.     That at all times herein relevant Plaintiff Kathryn Matranga performed her job within the legitimate expectations of her employer.

**ANSWER:**    Catholic Charities admits the allegations in Paragraph 6.

7.     That Plaintiff is age protected by virtue of 29 USC § 621 et seq. and was replaced in her job by Defendant with a person of substantial less experience, who was more than ten years younger than Plaintiff.

**ANSWER:**    Catholic Charities admits that Plaintiff is older than forty years and thus she is protected by the Age Discrimination in Employment Act, 29 U.S.C. §§ 623, 631. Catholic Charities denies the remaining allegations in Paragraph 7.  Catholic Charities affirmatively states that due to cost considerations it eliminated the position of Secretary/Receptionist, which job served the Counseling, Adoption and Women's Counseling Support Services programs.  Catholic Charities transferred the responsibilities of the Secretary/Receptionist position to the Adoption Secretary/Search Intake Worker position. Catholic Charities retained employee Linda Williams (D.O.B. 12/10/58), who held the Adoption Secretary/Search Intake Worker position, to fill the combined position.  Ms. Williams was retained because she had more experience with the tasks performed by the

**combined position (adoption, search intake and counseling responsibilities) and was more proficient with record keeping and computer usage. Catholic Charities did not utilize age as a factor in its decision making process.**

8.   That Plaintiff incorporates by reference all factual allegations made in the summary attached to Exhibit #1 and alleges that Defendant's conduct as aforesaid in stating that Plaintiff had voluntarily "retired" was willful in that Defendant knew or showed reckless disregard of whether its conduct was prohibited by § 626(b) of the ADEA.

**ANSWER:   Catholic Charities objects to the wholesale incorporation of an attachment to the Complaint as a failure to make a short and plain statement as required by Rule 8(a) of the Rules of Civil Procedure. In order to present a comprehensive response, however, Catholic Charities reproduces the summary attached to the Charge of Discrimination in its entirety below. Other than the admissions contained below, Catholic Charities denies the allegations contained in Paragraph 8.**

1. Complainant, Kathryn Matranga, 323 W. Glen Ave, social security number ███████, date of birth ███████, began working at respondent Catholic Charities, Diocese of Peoria, a not-for-profit corporation in April of 1990 as a receptionist and secretary. Complainant enjoyed above average evaluations whether the same were conducted orally or in writing.

**Answer:   Catholic Charities admits Plaintiff's name, address, social security number and date of birth are accurately alleged. Catholic Charities admits that Plaintiff began her employment with Catholic Charities in April 1990 as a Secretary/Receptionist. Catholic Charities denies the remaining allegations in this paragraph.**

2. That in this year 2006, complainant was performing at or above the employer's expectations when on October 19, 2006, Rosemary Haynes, the head of human resources for respondent, called a meeting with complainant and Chris Kelly, complainant's supervisor. Haynes and Kelly then orally advised complainant that she would be laid off effective November 10, 2006, because of cutbacks at the facility where complainant worked.

**Answer: Catholic Charities admits that in 2006, Plaintiff met performance expectations. Catholic Charities further admits that on October 19, 2006, Rosemary Haynes, Human Resources Director, and Chris Kelly, Site Supervisor for the North Office/Program Coordinator Women's Counseling Support Services and Adoption, met with Plaintiff. Catholic Charities denies the remaining allegations in this paragraph. Catholic Charities affirmatively states that during the October 19, 2006 meeting, Plaintiff was told that her employment would terminate on November 10, 2006, due to budgetary concerns. Catholic Charities affirmatively states that during the October 19, 2006 meeting, Plaintiff requested that the termination of her employment be deemed a 'retirement' so that she could have continuing health care benefits until she reached the age of sixty-five and that Catholic Charities consented to Plaintiff's request.**

3. That on November 2, 2006, by letter, a true and correct copy of which is attached hereto and made a party hereof of Complainant's Exhibit #1, complainant was advised by Rosemary Haynes that her "retirement" was effective November 10, 2006. The exhibit thereafter stated that complainant's position of

North Office Secretary was being eliminated due to the need for less clerical support at respondent's counseling, WCSS and adoption programs.

**Answer: Catholic Charities admits that the letter attached to the Charge of Discrimination as Exhibit #1 is a true and accurate copy of the letter Rosemary Haynes, Human Resources Director, sent to Plaintiff on November 2, 2006. Catholic Charities admits that the letter identifies the effective date of Plaintiff's retirement as November 10, 2006, and further that the letter summarizes the reasons Catholic Charities decided to eliminate the Secretary/Receptionist position. Catholic Charities denies any remaining allegations in this paragraph.**

4. Complainant was presented with a notice of eligibility and election form by respondent indicating her benefits for health care would be terminated 11/30/06, a true and correct copy of which is attached hereto and made a part hereof as Complainant's Exhibit #2. At the time complainant was a full-time employee of respondent, she paid the sum of $37.50 per month for complete health coverage. At the time of the institution of complainant's exhibit #2, complainant was required to pay the sum of $500 per month for the same coverage and has now been advised that the monthly premium will increase to $600 a month effective on or about August 2007. At no time did complainant voluntarily leave her employment as shown by the exit survey completed by her after 11/10/06, which is attached hereto and made a part hereof as Complainant's Exhibit #3.

**Answer: Catholic Charities admits that the document attached to Plaintiff's Charge of Discrimination as Exhibit #2 is an accurate reproduction of the**

**Notice of Eligibility and Election Form for Continuation of Group Health Benefits, which form was mailed to Plaintiff prior to November 10, 2006. Catholic Charities further admits that as of November 2006, the cost of continuing coverage was $500 per month for employee coverage, if the employee elected to continue coverage. Catholic Charities affirmatively states that pursuant to the Consolidated Omnibus Budget Reconciliation Act, it is entitled to charge former employees up to 102% of the cost of monthly premiums for continuing health coverage, and that the $500 per month cost falls within the 102% requirement. Catholic Charities admits that as an employee, Plaintiff had paid approximately $39.00 per pay period for individual coverage. Catholic Charities admits that Plaintiff did not voluntarily terminate her employment. Catholic Charities affirmatively states that Plaintiff was permitted to designate only the form of her separation (retirement) not the fact of it. Catholic Charities denies any remaining allegations in this Paragraph.**

5. That complainant's job duties were assumed in full by Linda Williams, a white female approximately 46 years of age with less than three years of experience with respondent and said individual had less experience than complainant to perform the job of North office Secretary, although complainant remained ready, willing and able to perform said job and kept herself out of the work force because of her alleged laid-off status.

**Catholic Charities admits that it retained Linda Williams, who is currently 49 years of age (D.O.B. 12/10/58), to perform the combined position of**

**Secretary/Receptionist and Adoption Secretary/Search Intake Worker. Catholic Charities further admits that Plaintiff had more seniority and years of experience as the North Office Secretary/Receptionist. Catholic Charities affirmatively states that Ms. Williams had more inexperience with the tasks related to the adoption, search intake and counseling responsibilities and was more proficient with record keeping and computer usage. Catholic Charities affirmatively states that Ms. Williams was a better fit to the combined position due to her skill level. Catholic Charities denies that age played any part in its decision-making process. Catholic Charities denies that Plaintiff was informed that she was "laid off" and denies any other remaining allegations in this paragraph.**

6. That because of respondent's intentional an willful violation of the Age Discrimination and [*sic*] Employment Act of 1967, complainant has been and will be deprived of wages, salaries, benefits and profits she would have accrued had respondent not taken the job action as above described.

**Catholic Charities denies that it engaged in any violation of the Age Discrimination in Employment Act, intentional, willful or otherwise. Catholic Charities denies the remaining allegations in this paragraph.**

7. That complainant seeks all lost wages, benefits, attorney's fees and other applicable compensatory damages as well as an order of reinstatement and appropriate fines. Complainant's attorney is Nile J. Williamson, 1926 Associated Bank Plaza, Peoria, IL 61602, (309) 677-5950, nilew@aol.com.

> **Catholic Charities admits the allegations regarding Plaintiff's counsel and his contact information. Catholic Charities is without knowledge or information sufficient to form a believe as to the precise damages or remedies sought by Plaintiff.**

9.  As a direct and proximate result of Defendant's action as aforesaid Plaintiff has been denied wages, salaries and benefits that she otherwise would earned; Plaintiff has been forced to incur attorney's fees and costs to process this action.

**ANSWER:** Catholic Charities denies the allegations in Paragraph 9.

WHEREFORE, Catholic Charities of the Diocese of Peoria respectfully requests the Court dismiss the Complaint in this action an award the Defendant such other relief as justice requires.

Dated this February 18, 2008.

                CATHOLIC CHARITIES OF THE DIOCESE OF
                PEORIA, a not for profit corporation

                By:  /s/Tracy C. Litzinger
                      Tracy C. Litzinger

Tracy C. Litzinger, Lead Counsel
Howard & Howard Attorneys, P.C.
One Technology Plaza, Suite 600
Peoria, IL  61602-1350
Telephone: 309-672-1483
Facsimile:  309-672-1568
tlitzinger@howardandhoward.com
IL Atty Reg. No.:  06225477

## CERTIFICATE OF ELECTRONIC FILING
## AND CERTIFICATE OF SERVICE

     I, the undersigned, do hereby certify that on February 18, 2008, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which sent notification of such filing to the following:

Nile J. Williamson
1926 Associated Bank Plaza
Peoria, IL 61602

                                              s/ Tracy C. Litzinger
                                              Tracy C. Litzinger


Tracy C. Litzinger
Howard & Howard Attorneys, P.C.
One Technology Plaza, Suite 600
Peoria, IL  61602-1350
Telephone: 309-672-1483
Facsimile:  309-672-1568
tlitzinger@howardandhoward.com
IL Atty Reg. No.:  06225477