E-FILED
Wednesday, 02 July, 2008  02:34:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kathryn Matranga, | ) | |
|           Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1350 |
| | ) | |
| Catholic Charities of the Diocese of Peoria, | ) | |
|           Defendant | ) | |

**ORDER**

Now before the Court is the motion by Defendant Catholic Charities of the Diocese of Peoria for entry of a protective order (Doc. #14). Plaintiff has filed her opposition to the motion. I have carefully considered the arguments of the parties. For the reasons stated herein, ruling on the motion is deferred.

This litigation arises under the Age Discrimination in Employment Act. Plaintiff served as a secretary/receptionist for Defendant for 16 years. She alleges that she was laid off because her position was being eliminated due to less need for clerical support in various programs at the facility where she worked. Her job duties were then fully assumed by a woman more than 10 years her junior with only three years of experience.

Plaintiff served written discovery upon Defendant, who concedes that some information that is discoverable has not yet been produced, because defense counsel believes a protective order should be entered before production occurs. Counsel for Defendant states that certain electronically stored information is "extremely confidential and dissemination of that information could result in annoyance, embarrassment and/or oppression to Defendant and other persons not parties hereto." The specific information about which defense counsel is concerned is described as "information regarding lease and occupancy expenses after relocation of

Defendant's North Office, negotiations with the new offices' Lessor, and discussions among Defendant and others regarding possible third party assistance in securing favorable lease terms and rates." According to Defendant, public dissemination of that information would cause annoyance and embarrassment that would far outweigh any probative value of the information.

Plaintiff opposes entry of this protective order for two reasons. First, according to plaintiff, defendant has failed to meet the "good cause" requirement of Rule 26(c). Rule26(c) provides in pertinent part that a court may "for good cause shown" issue a protective order to protect a party from annoyance or embarrassment. Plaintiff cites autority for the proposition that the party seeking a protective order must meet the good cause requirement by providing "specific examples of articulated reasoning" rather than "stereotyped and conclusory statements," citing Andrew Corp. v. Rossi, 180 F.R.D. 338,341 (ND.Ill. 1998).

I find that Defendant has provided several specific examples of the types of information that, from their very nature, could cause annoyance or embarrassment. There is nothing stereotypical about the description of this category of documents. Since it is far from clear just how this information about lease details and negotiations is truly important to plaintiff's case, I believe that sufficient good cause has been shown to meet the requirement of the Rule

Second, Plaintiff argues that that the public has an interest in what goes on at all stages of a judicial proceeding, citing Citizens' First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999). This case, however, was discussing a party's request for the sealing of documents filed with the court, not merely the exchange of information during discovery. The public's interest arises at the point documents are filed with the court and decisions are made, not necessarily in the background during the discovery process. The public's interest in the discovery process is limited by the boundaries set in Rule 26(c).

Despite the fact that I conclude a protective order is justified, ruling on the motion must be deferred, because the protective order submitted by the Defendant contains the very flaw that Citizen's First Nat. Bank, supra, discussed: it would require the parties to file under seal any material designated as confidential by either party. The Court will not enter a protective order that allows the parties to determine whether a document or pleading should be filed under seal. Sealing of documents is an "exceptional measure," Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir.1994), and certain standards must be met before the court will allow documents to be filed under seal. See, Jessup v. Luther, 2772 F.3d 926 (7th Cir. 2002); Baxter Intern'l Inc. v. Abbott Laboratories, 297 F.3d 544 (7th Cir. 2002); Union Oil Co. v. Leavell, 220 F.3d 562, 567-68 (7th Cir. 2000); United States v. Eppinger, 49 F.3d 1244, 1252-53 (7th Cir.1995); B.H. v. McDonald, 49 F.3d 294, 301 (7th Cir.1995).

Defendant is therefore ordered to draft another protective order that meets the standards discussed in this Order. The draft is to be served upon Plaintiff for review, and the parties are directed to make good faith efforts to reach agreement on the terms of a protective order. If agreement is reached - and the above standards are incorporated therein - the proposed protective order shall be filed. If agreement is not reached, each party is to file its version of a protective order that meets the above standards, and the Court will resolve the differences.

ENTERED ON  July 2, 2008

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE