UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KATHRYN MATRANGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1350 |
| | ) |
| CATHOLIC CHARITIES OF THE DIOCESE OF PEORIA, a not for profit corporation, | ) ) ) |
| | ) |
| Defendant. | ) |

PROTECTIVE ORDER

This matter coming on before the Court on the Motion by Defendant CATHOLIC CHARITIES OF THE DIOCESE OF PEORIA, a not for profit corporation, for entry of a Protective Order, Plaintiff KATHRYN MATRANGA and Defendant CATHOLIC CHARITIES OF THE DIOCESE OF PEORIA, a not for profit corporation, appearing by their respective counsel, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure it is hereby ORDERED that the following provisions shall govern the conduct of discovery by the parties in this litigation:

1. DEFINITIONS AND TERMS. As used in this Order, the following definitions and terms shall apply:

   a. "Disclosed" is used in its broadest sense and includes, inter alia, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part;

   b. "Discovery" is defined as the term is used in the Federal Rules of Civil Procedure and the Local Rules for the Central District of Illinois;

   c. "Discovery Material" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or

        other written information, or in response to discovery requests in this litigation by any party or protected person;

    d.    "Document" is defined as the term is used in Rule 34(a) of the Federal Rules of Civil Procedure;

    e.    "Electronically Stored Information" ("ESI") is defined as that term is used in Rule 34(a) of the Federal Rules of Civil Procedure, regardless of the form or format of production of such ESI;

    f.    "Counsel" means the counsel of record in this action and their law firms as well as (i) other attorneys or consultants employed or retained by such law firms; or (ii) any attorney subsequently retained or designated by any party to appear in this action;

    g.    "Party" or "parties" means the parties as identified above;

    h.    "Producing Party" means any a Party to this proceeding that is producing or contemplating producing Discovery Material pursuant to this Protective Order;

    i.    "Protected person" means any non-party that furnishes any Discovery Material to any party; and

    j.    "This litigation" or "this action" means the above-captioned civil action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.    APPLICABILITY. This Order shall apply to discovery initiated by any of the parties to one or more other parties or to any third parties and shall apply to all information, documents, ESI, and/or things in the possession of or under the control of any party or third party subject to discovery in this action. This Order shall further govern the production of documents and information supplied in this case in any form by a party and designated by that producing party as embodying "Confidential" material for purposes of discovery or otherwise.

3.    DEFINITION OF "CONFIDENTIAL" MATERIAL. "Confidential Material" shall include any non-public material that the Producing Party reasonably and in good faith believes contains or reveals trade secrets or other proprietary or sensitive information or know-how that derives its value from secrecy, or such material the public disclosure of which would cause the Producing

Party, or third parties identified therein, undo annoyance or embarrassment. The scope of this Order shall include all copies, excerpts, summaries or notes that are prepared or derived therefrom and that incorporate or reflect information contained in any Confidential Material, as well as testimony and oral conversations derived therefrom or related thereto; provided, however, that nothing in this Order shall be construed to control the use, dissemination, publication or disposition by a party or its or her counsel of documents or information (i) lawfully in its or his possession prior to receipt from the Producing Party, (ii) received at any time by that party or its counsel outside the course of the formal and information discovery process in this litigation, (iii) appearing in any patent or printed publication, or (iv) which was or is hereafter obtained from a source or sources having the right to disclose it.

4. DESIGNATION OF "CONFIDENTIAL" MATERIAL. Any document or portion thereof, whether an original or a copy, including any exhibits, answers to interrogatories and/or responses to requests for admission, as well as physical objects, recordings or things that any party deems to contain confidential material, shall be labeled on each page of such document considered confidential with the designation "CONFIDENTIAL." Any such physical objects shall likewise be labeled with the "CONFIDENTIAL" designation.

5. TREATMENT OF "CONFIDENTIAL" MATERIAL. Confidential Material shall be subject to the following restrictions:

    a. No Confidential Material shall be used or disclosed by the Receiving Party for any purpose other than the conduct of this litigation;

    b. No Confidential Material shall be disclosed in any manner by the Receiving Party to anyone other than a Qualified Person as defined herein; and

    c. No Confidential Material shall be filed publicly or otherwise disclosed in any manner by the Receiving Party, or used in the course of examination of any witness, whether in trial or deposition, without SEVEN (7) days

prior notice to the Producing Party and, in the event of objection to such disclosure, an Order of this Court allowing such disclosure.

6. QUALIFIED PERSON DEFINED-"CONFIDENTIAL" MATERIAL. A Qualified Person in the context of "Confidential" material shall mean:

   a. Receiving Party's outside counsel, including the partners and associates of such law firms, who are rendering professional services in this litigation;

   b. Court officials involved in this litigation, including but not limited to the presiding judge, the magistrate judge, their judicial clerks, court reporters, or jurors;

   c. Outside consultants and/or experts, including their secretarial and/or clerical personnel, retained for the purpose of assisting counsel in this litigation; provided, however, that in all such cases under this subparagraph hereof, the individual to whom disclosure is to be made has signed a Certification substantially identical to Exhibit "A" attached hereto;

   d. A person whose deposition has been noticed or who is expected to be a trial witness in this action; provided, however, that before Confidential Material is disclosed to any such person, an attorney of record for the party who wishes to make disclosure to the person shall secure from the person a Certification in the form attached hereto as Exhibit "A" and provide notice as provided in paragraph 5(c) of this Order;

   e. The authors, senders, addresses and designated copy recipients of the Producing Party's Confidential Material or any former employee of the Producing Party who counsel reasonably believes, after prior inquiry with said person, that such person has current or prior lawful access to the Confidential Material and who, prior to such disclosure, has executed a Certification in the form attached hereto as Exhibit "A;" and

   f. Translators, interpreters, stenographers, or video camera operators employed or otherwise engaged solely as such for purposes of this action by either party for the purpose of transcribing depositions or translating documents produced or taken in this action, and regular personnel of such translators, interpreters and stenographers having responsibilities in connection with this action that require such personnel to have access to such Confidential Material.

7. CERTIFICATION OF ALL DISCLOSURES. All persons required to sign a Confidentiality Certification shall sign the Certification in the form attached hereto as Exhibit

"A." A copy of each undertaking shall be submitted by the disclosing party promptly to opposing party's counsel so as to enable good faith objection by such opposing party. No "CONFIDENTIAL" information shall be disclosed to any Qualified Person, unless and until:

    a. disclosing counsel first informs such recipient that the material to be disclosed is confidential information, is to be held in confidence, is to be used solely for the purposes of preparing and presenting evidence in this litigation, and is required to be kept confidential by Court order; and

    b. such person, prior to the disclosure to him of any confidential information, reads a copy of this Order and executes a copy of the undertaking attached hereto as Exhibit A, stating that he or she will observe such restrictions, be bound by, and comply with the terms of this Order.

8. CHALLENGE TO DESIGNATION. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the producing party of "CONFIDENTIAL" information, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within a reasonable amount of time, the party objecting to the designation may, at any time thereafter, seek appropriate relief from the Court. Each Party to this litigation additionally acknowledges that nothing in this Order shall prevent interested members of the public from challenging the propriety of a "CONFIDENTIAL" information designation of documents and/or categories of documents by petitioning this court.

9. COPIES. Counsel for the parties understand the sensitive nature of any Confidential Material, and agree to limit their copying of any Confidential Material to that which is necessary for the orderly and efficient prosecution/defense of this civil action. Experts and consultants (as identified in Par 6(c)) shall be allowed to make not more than two copies of

Confidential Material provided to them. Copies of Confidential Material, and the documents prepared by an expert or consultant that incorporate or reveal Confidential Material, or information from said Confidential Material, shall be subject to the same treatment hereunder as are the original documents or information produced.

10. REQUESTS TO PRODUCE. All documents and tangible things produced for inspection shall be treated as "CONFIDENTIAL" information during the inspection and at all times prior to transmittal of requested copies thereof to the receiving party. After transmittal of requested documents and other tangible things, and with respect to documents produced in response to requests to produce, only those copies marked with the designations "CONFIDENTIAL" shall be deemed a document or tangible thing designated as containing that type of confidential information.

11. SUBPOENAS. If a party issues a subpoena for any purpose to any person or entity not a party to this litigation and which by its terms may include a request to produce Confidential Material, the other party may assert that such material may reasonably be considered confidential and shall advise counsel for the subpoenaing party and the subpoenaed person or entity. Upon receipt of such advice, the subpoenaing party shall direct the subpoenaed person or entity to provide such material to be produced or disclosed to the other party for its or his review. Upon receipt of such material to him or it, that other party shall have seven days within which to designate any such material as "Confidential." Material so disclosed shall also be subject to the "Inadvertent Disclosure" provisions of paragraph 15 of this Order.

12. DEPOSITION TESTIMONY. If pretrial deposition or examination questions, responses or exhibits disclose or refer to Confidential Material, an attorney may designate the deposition transcript or a portion thereof Confidential either by making a statement to that effect

on the record in the course of the deposition or by so designating those portions of the transcript within thirty (30) days after receiving a copy of the transcript. The original and each copy of the portion or portions of the deposition so designated shall be labeled CONFIDENTIAL by the court reporter. During the interim period following a deposition, and until the thirty (30) days has passed after receipt of the transcript, all material referred to during a deposition shall be deemed CONFIDENTIAL.

13. QUALIFIED PERSONS-NO OTHER USE PERMITTED. Documents or information designated as CONFIDENTIAL under this Order (and their contents or information revealing their contents) shall not be used, disclosed, or disseminated, directly or indirectly by any party, or any qualified person to whom disclosure has been made under this Order, for any purpose except as may be permitted by this Order or by further Order of the Court. All "CONFIDENTIAL" information produced or provided in the course of this litigation shall be used solely for the purposes of preparing for the trial, the actual trial itself and for no other purpose whatsoever and shall not be disclosed to anyone except in accordance with the terms of this Order.

14. TRIAL PROCEDURES. Nothing herein shall limit either party's right or ability to offer evidence at trial or any other hearing before the Court. The manner of using any Confidential Material at the trial of, or any other hearing in, this action and the status of the Confidential Material resulting from any such use, shall be determined, prior to its use, by the Court. Provided always, that, if, at the time of an evidentiary hearing or trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any Confidential Material he or she shall so inform the Court and opposing counsel as far in advance as possible,

and the Court may take such steps, at the request of counsel for any of the parties or on its own initiative, as it deems necessary to preserve the confidentiality of such Confidential Information.

15. INADVERTENT DISCLOSURE BY PRODUCING PARTY. The inadvertent and/or unintentional disclosure by the Producing Party of Confidential Material, either by way of document production or by deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or concerning the same or unrelated subject matter. Any such inadvertently or unintentionally disclosed material by a Producing Party not designated as such at the time of its release shall be designated as CONFIDENTIAL as soon as reasonably possible after the Producing Party becomes aware of the erroneous release and shall thereafter be treated as confidential hereunder. No liability shall attach for the Receiving Party's disclosure of inadvertently or unintentionally disclosed Confidential Material from the time of receipt of that material until such time as the Producing Party properly designates it as confidential.

16. PRIVILEGES AND OBJECTIONS. Nothing in this Order shall preclude any party from asserting the attorney-client, work product or any other applicable privilege as to any document or information. It is understood and agreed that nothing herein constitutes a waiver of the right of any party to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence. This Order shall not be construed as a waiver by any party of any legally cognizable privilege or protection to withhold any document or information, or of any right that any party may have to assert such privilege or protection at any stage of the proceeding.

17. TERMINATION OF LITIGATION. This Order, insofar as it restricts the communication and use of Confidential Material, shall survive and continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction over these parties and this matter for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

At the conclusion of this action, including any appeals, all documents, records, tangible materials or other information designated as CONFIDENTIAL and (except as provided herein with respect to documents reflecting privileged communication or attorney work product) all documents or other tangible materials reflecting Confidential Material and all copies of any of the foregoing shall be promptly returned by counsel for the Receiving Party to counsel for the Producing Party, except that outside counsel for each party may retain one copy of each document for record purposes only. To the extent that documents reflecting privileged communications or attorney work product contain information designated CONFIDENTIAL the Receiving Party may, in lieu of returning such documents to the Producing Party, certify in writing to the Producing Party, within 60 days of the termination of the litigation, that such documents have been destroyed. All papers, pleadings, exhibits or other filings with the Court, which incorporate or disclose Confidential Material need not be destroyed, but shall remain subject to the terms and conditions of this Stipulation and Order.

18. PROCEDURE FOR FILING CONFIDENTIAL DOCUMENTS WITH THE COURT. CONFIDENTIAL documents may be used in support of motions and at trial; the party intending to use CONFIDENTIAL documents for those purposes must notify the other party of that intent at least 14 days before the document is used. Upon such notice, the party opposing the use of CONFIDENTIAL documents may file a motion stating the legal basis for the opposition; if such

a motion is filed, the CONFIDENTIAL document shall not be filed, except under seal, pending ruling by the Court. If there is a legal basis for doing so, CONFIDENTIAL documents may be filed under seal without an order of the Court, pursuant to section IIIA of the Administrative Procedures for Electronic Case Filing (Civil). See also, Jessup v. Luther, 277 F.3d 926 (7th Cir. 2002); Baxter Intern'l Inc. v. Abbott Laboratories, 297 F.3d 544 (7th Cir. 2002); Union Oil Co. v. Leavell, 220 F.3d 562, 567-68 (7th Cir. 2000); United States v. Eppinger, 49 F.3d 1244, 1252-53 (7th Cir.1995); B.H. v. McDonald, 49 F.3d 294, 301 (7th Cir.1995).

19. PRODUCTION OF ELECTRONICALLY STORED INFORMATION. The parties have agreed that ESI encompassed within the scope of Plaintiff's discovery to Defendant shall be produced by Defendant by printing same and producing such ESI in printed format without the need to produce other data or information contained within such ESI not normally included when such ESI is printed to paper.

20. MISCELLANEOUS PROVISIONS.

 a. Insofar as the provisions of any Protective Order entered in this litigation restrict the communication and use of the documents and other information produced thereunder, such Order shall continue to be binding after the conclusion of this litigation, with all counsel, the parties herein, their officers, employees and any other recipients of the "CONFIDENTIAL" information, respectively, remaining subject to the obligations of this Order;

 b. Nothing in this Order shall be deemed to preclude any party from seeking a modification of this Order or an additional protective order by petitioning this court;

 c. This Order shall remain in force and effect unless and until modified, superseded or terminated by the written consent of all parties;

 d. This Order shall not be construed to prevent any person, including a Qualified Person, from making use of designated "CONFIDENTIAL" information which (a) was lawfully in their possession prior to the receipt from the supplying party, (b) appears in any issued patent or printed publication, or other published material available to the general public,

   without fault of the receiving party, (c) was or is hereafter obtained from a source or sources having the right to disclose such information, (d) was or is lawfully discovered, independently by the receiving party, through means not under an obligation of secrecy to the other party or parties, or (e) is exempted from the operation of this Order by express written consent of the party producing such "CONFIDENTIAL" information;

e.  Nothing in the order shall be construed to affect the admissibility of any document, material or information at any trial or hearing; any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding over this action;

f.  The designation of a document or information as Confidential Information under this Order does not constitute an admission by any party or a determination by the Court that the document or information so labeled is confidential as a matter of law or is otherwise entitled to confidential treatment, and any party may apply to the Court to remove the Confidential designation with respect to any document or testimony if the designating party refuses to remove said designation;

g.  The failure by either party to designate materials as confidential at the time of production shall not constitute a waiver of its right to designate the materials as confidential at a later time;

h.  Nothing herein shall preclude any party from seeking from the court an order requiring broader disclosure than is permitted herein;

i.  Nothing herein shall preclude the parties from mutually agreeing to any other procedures, or additional disclosure, as may be necessary;

j.  Except as set forth in Paragraph 13, nothing in this Order shall restrict a party's right to offer any Confidential Information into evidence at any trial, arbitration or mediation hearing in this action. The foregoing is without prejudice to any party's right to move to modify this Order to provide additional protection as to Confidential Information used at trial or hearing.

k.  Nothing contained in this Protective Order shall be construed as a waiver of the Federal Rules of Civil Procedure;

l.  Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this trial and, in the course thereof, referring to or relying upon his examination of confidential information; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make any disclosure of "CONFIDENTIAL" information until and unless said

-11-

-12-

      recipient qualifies as a "Qualified Person" respectively entitled to review the information;

m.    Nothing in this Order shall prevent or otherwise restrict any party or its counsel from investigating the facts underlying this action, and in the course, thereof, relying on an examination of Confidential Information; provided, however, that in the course of such investigation, the party and/or its counsel shall not make specific disclosure of any item of Confidential Information, except to a person to whom such disclosure may be made pursuant to paragraph 7 hereof, and, in such case, the requirements of paragraph 7 shall be complied with; and

n.    Notwithstanding any other provision of this Order, the Court expressly retains the authority to redesignate, <u>sua sponte</u>, any document designated by either party as "Confidential Information", as a public document, subject to disclosure without restriction; and

o.    Plaintiff has no objection to entry of this Order.

Entered this _____ day of _____, 2008.

_____
Hon. John A. Gorman
Magistrate Judge

**"EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KATHRYN MATRANGA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CATHOLIC CHARITIES OF THE )<br>DIOCESE OF PEORIA, a not for )<br>profit corporation, )<br>)<br>Defendant. ) | Case No. 07-1350 |

AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, hereby certify that:

1. I have read the Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only for the purpose of this litigation.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Central District of Illinois solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certificate this \_\_\_\_day of _____, 2008.

_____
(SIGNATURE)